

FILED by _____ D.C.
INTAKE

JAN 2 8 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 08-20234

LEDUC A. OBAS,
            Plaintiff,

CASE NO.          **CIV-MOORE**

vs.

MAGISTRATE JUDGE
GARBER

**COMPLAINT**

MICHAEL MUKASEY, as
Attorney General of the United
States, Department of Justice,
            Agency.
_____/

    Plaintiff, LEDUC A. OBAS, by his undersigned counsel, hereby files this Complaint, against the Defendant, Agency, MICHAEL MUKASEY, as Attorney General of United States, Department of Justice; and Plaintiff states as follows:

## I.
## JURISDICTION

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.* The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights, secured by 42 U.S.C. Section 2000(e), *et seq.,* against racial discrimination in the workplace.

2.    Plaintiff also brings this case under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-3(a), which

1

forbids employers from retaliating, or from taking adverse personnel action against employees, who exercise their lawful and protected rights under Title VII.

3.   The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. Section 1343(3).

4.   Venue is properly placed in this district, pursuant to 28 U.S.C. Section 1391(b), because it is where all of the parties resided and where the events complained of occurred.

5.   Plaintiff had previously filed a formal EEO Complaint regarding his prior suspension by the Agency; as well as allegations that he misused his government issued credit card; and that he was AWOL, as a result of being denied sick leave; and these allegations were used to further support the implementation of the mandatory suspension.

6.   The Plaintiff has complied with all administrative prerequisites, which are necessary to file a law suit in federal district court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*; in that he filed appropriate charges of discrimination within the applicable time frames, and hence, he exhausted all pertinent administrative procedures.

7.   The Agency has issued a Final Agency Decision; and hence, this matter may now be properly adjudicated by the federal district court. This matter has been initiated within ninety days of Plaintiff's receipt of the Final Agency Decision. **[A copy of the Final Agency Decision is attached hereto, as EXHIBIT A].**

## II.
## PARTIES

8.  At all material times herein, Plaintiff, LEDUC A. OBAS (hereinafter, referred to as, "OBAS"), a Haitian-American male, was a resident of Broward County, Florida; and he was an employee of the Drug Enforcement Administration, serving as a Special Agent, Criminal Investigator, under the jurisdiction of the United States Department of Justice. (hereinafter, referred to as, the "Agency,").

9.  Defendant, Michael Mukasey (hereinafter, referred to as, "MUKASEY"), is the Attorney General of the United States, serving as the Agency Head of the Department of Justice, and as such, he is responsible for the administration of personnel policies and practices applicable to federal employees under the jurisdiction of the Department of Justice, including those employees who are employed by the Drug Enforcement Administration. (hereinafter, referred to as, the "DEA")

## III.
## FACTS

10.  Since 1997, until the date the Agency Career Board made its promotion decision, on or about December 14, 2004, OBAS has served as a Criminal Investigator, GS-13, Foreign Operations Group, Caribbean Division, with the Drug Enforcement Division.

3

11.    OBAS has had over twenty years of experience as a DEA Agent; he was given his last promotion on November 2, 1991; and Plaintiff became eligible for a promotion to a GS-14 grade level position in 1995.

12.    Since 1995, OBAS has applied for approximately seventy-five promotional opportunities within the Agency, but all of his applications for these positions have been denied.

13.    OBAS applied for a supervisory Agency position, GS-1811-14, with the DEA Caribbean Division, but on or about December 15, 2004, the position, designated by Vacancy Announcement, CMB-04-283-2, was given to another DEA Supervisor.

14.    The successful applicant for the position, a Jamaican-American, Michael Dinnal, had substantially lesser qualifications for the position, as compared to the professional qualifications of the Plaintiff.

15.    Plaintiff had greater seniority and more relevant DEA experience, than the successful candidate for the promotional opportunity, Michael Dinnal.

16.    The successful candidate for the position, Michaell Dinnal, had absolutely no supervisory experience.

17.    In contrast, OBAS served as a supervisor for eighteen (18) months in Port Au Prince, Haiti, a duty station, commonly known as "PAPCO," which is recognized throughout the Agency, as being a most challenging and difficult Drug Enforcement Administration ("DEA") assignment.

4

18. Furthermore, during OBAS' tenure in Haiti, in the capacity of the Supervisory / Country Attaché, he substantively participated in the following large-scale drug interdiction operations: OPERATION COLUMBUS; OPERATION CONQUISTADOR; and OPERATION LIBERATOR.

19. These operations involved month long, around the clock operations, which were undertaken throughout the DEA Caribbean Division.

20. In addition, beginning on August 14, 2004, OBAS served as the Acting GS-14 for the Foreign Operations Group in San Juan, Puerto Rico.

21. OBAS has at least ten (10) years of additional relevant DEA experience, as compared to the experience of Mr. Dinnal.

22. Moreover, in contrast with Mr. Dinnal's professional background, Plaintiff had received significant substantive experience in conducting large-scale drug interdiction operations, a specific job requirement for the position at issue.

23. For example, OBAS was recruited to assist in the investigation of General Manuel Noreiga; as well as a document review effort, which greatly assisted prosecutors in the conviction of the Panamanian dictator.

24. In addition, while OBAS was assigned to the DEA Miami Field Office, where he participated in the following large-scale narcotics interdiction operations: OPERATION OPBAT in the Bahamas (three occasions); OPERATION SNOWCAP in the jungles of Peru and Venezuela; and OPERATION BOLIVAR, in Bogotá.

25. The Agency Career Board completely ignored essential job skills, knowledge, abilities ("KSA's") and breadth of experience, in its evaluation of OBAS' professional qualifications, thus leading to the inescapable conclusion that its decision and or deliberations were highly pretextual.

26. In short, the Agency has repeatedly ignored knowledge, skills and abilities ("KSA's") benchmarks, specific job requirements and OBAS' professional qualifications, in order to deny him promotional opportunities, based upon wholly pretextual reasons.

27. There were no objective criteria set forth by the Agency in its personnel selection process.

28. Without such criteria, the selection process was merely a subjective ruse, designed to select a preferred candidate, without examining job-based qualifications.

## COUNT I
## (VIOLATION OF TITLE VII, NATIONAL ORIGIN DISCRIMINATION)

29. The Plaintiff restates and reavers the allegations contained in Paragraphs 1—28 of the Complaint, as if fully set forth herein.

30. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.,* prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of

one's employment, based upon national origin based classifications, considerations or national origin based reasons.

31.    The Plaintiff is a Haitian-American male and he possessed the requisite qualifications and skills to be promoted to a supervisory GS-14 level position with the Agency.

32.    The denial of OBAS' application for promotion, was based upon the Agency's pretextual and or impermissible discriminatory reasons, in that similarly situated employee(s) outside of the protected class, without even the minimum qualifications for the promotional opportunity, were in fact, offered the promotional opportunity in question.

33.    As a direct and proximate result of the Defendant's unlawful acts, OBAS has suffered great and irreparable economic harm and other associated losses.

34.    Moreover, as a further result of the Defendant's unlawful race based conduct, the Plaintiff has been compelled to retain undersigned counsel and OBAS has incurred fees and costs.

    **WHEREFORE**, the Plaintiff, LEDUC A. OBAS, respectfully requests that this Court enter judgment against the Defendant, Michael Mukasey, as Attorney General of the United States, Department of Justice, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), and order the following additional relief:

A)    Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as well as compensatory damages;

B)    Award the Plaintiff his costs and a reasonable attorney's fee;

C)    Enjoin the Defendant from continuing its discriminatory practices; and

D)    Grant any and all appropriate relief, which the Court deems to be just and proper.

## **Demand for Jury Trial**

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Interstate Centre I
1620 W. Oakland Park Blvd.
Suite 300
Ft. Lauderdale, Florida 33311
(954) 527-0570 Telephone
(954) 523-5893 Telecopier
E-mail: mjb2157@aol.com
Fla. Bar No. 369391

Mark J. Berkowitz

Dated on this 28th day of January, 2008.

**U.S. Department of Justice**

Complaint Adjudication Office

EEOC Complaint Number 570-2006-00153X
Agency Complaint Number D-05-3798

---

*950 Pennsylvania Avenue, NW*
*Patrick Henry Building, Suite 5300*
*Washington, DC 20530*

NOV 7 2007

Mr. Leduc A. Obas
19330 S. W. 54th Street
Miramar, Florida 33029

Dear Mr. Obas:

This is in reference to your complaint of employment discrimination that you filed against the Drug Enforcement Administration. Enclosed is the Department of Justice's Final Order and Memorandum in Support of the Final Order. The Department agrees with the Administrative Judge's decision that you were not discriminated against in any of the issues raised in your complaint.

<u>Rights of Appeal</u>

You have the right to appeal any part of the Administrative Judge's decision to the Equal Employment Opportunity Commission (EEOC). You may do so by filing your appeal with the EEOC's Office of Federal Operations within 30 days of the date you receive this decision. If you are represented by an attorney of record, the 30-day appeal period shall begin to run on the day your attorney receives this decision. The EEOC requires that you use EEOC Form 573, Notice of Appeal/Petition, a copy of which is attached, to appeal this decision. Please attach a copy of the Final Order to the Notice. The Notice should indicate what is being appealed. The Notice of Appeal should be sent to Director, Office of Federal Operations, EEOC, Post Office Box 19848, Washington, D.C. 20036, by mail, personal delivery, or facsimile (202-663-7022). A copy of your notice of appeal must be sent to Wendy Goggen, Chief Counsel, Office of Chief Counsel, Drug and Enforcement Administration, Room 7300, 700 Army Navy Drive, Arlington, Virginia 22202. The Notice of Appeal that you file with the EEOC must contain, or must have attached to it, the date and method by which you sent the copy of your notice to the agency's representative. You have the right to file a brief or statement in support of your appeal, and any such document must be filed with EEOC within 30 days of filing the notice of appeal, in the manner of submission specified above. If you submit a brief by facsimile, the EEOC requires that the brief be limited to no more than 10 pages.

You also have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision, provided you have not already filed an appeal with the EEOC.  In filing your federal complaint, you should name the Acting Attorney General, Peter Keisler, as the defendant.  If you have already filed an appeal with the EEOC, you may file in federal court only after 180 days have passed from the date of filing an appeal with the EEOC with no final decision by the Commission.

If you cannot afford to file a civil action, you can ask the court to allow you to file the action at no cost to you.  The court may also provide you with an attorney if you cannot afford to hire one to represent you in your civil action.  Questions concerning when and how to file a waiver of costs should be directed to your attorney or the District Court clerk.

Sincerely,

Mark L. Gross
Complaint Adjudication Officer

cc:   Vontell D. Frost-Tucker
      Oliver C. Allen, Jr.
      Mark J. Berkowitz
      Kathryn Brown
      Sheryl Anne Butler, Esq.

2



**U.S. Department of Justice**

Complaint Adjudication Office

EEOC Complaint Number 570-2006-00153X
Agency Complaint Number D-05-3798

---

*950 Pennsylvania Avenue, NW*
*Patrick Henry Building, Suite 5300*
*Washington, DC 20530*

NOV 7 2007

DEPARTMENT OF JUSTICE FINAL ORDER

in the case of

Leduc Andre Obas v. Drug Enforcement Administration

    Based on a review of the record in this case, the Department
of Justice accepts the Administrative Judge's decision that
complainant was not discriminated against on the basis of
national origin.

_____
Mark L. Gross
Complaint Adjudication Officer



**U.S. Department of Justice**

Complaint Adjudication Office

EEOC Complaint Number 570-2006-00153X
Agency Complaint Number D-05-3798

---

*950 Pennsylvania Avenue, NW*
*Patrick Henry Building, Suite 5300*
*Washington, DC 20530*

NOV   7  2007

DEPARTMENT OF JUSTICE MEMORANDUM

Explaining The Final Order

in the case of

Leduc Andre Obas v. Drug Enforcement Administration

EEOC regulations require all agencies that receive an Administrative Judge's decision to issue a final order within 40 days of receipt of the decision. The final order informs the complainant whether the agency will fully implement the decision of the Administrative Judge. 29 C.F.R. §1614.110(a). This office is charged with issuing those final orders on behalf of the Department of Justice and has this day issued a final order in this case. This memorandum explains, for the benefit of the parties, the rationale behind the Department of Justice's decision to fully implement the Administrative Judge's decision.

On April 25, 2005, complainant Leduc A. Obas filed an employment discrimination complaint against the Drug Enforcement Administration (DEA), pursuant to Section 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16. Complainant alleged discrimination on the basis of national origin (Haitian). On January 27, 2006, complainant requested a hearing before an Equal Employment Opportunity Commission Administrative Judge. On May 30, 2006, DEA filed its Motion For Findings and Conclusions In Its Favor Without Hearing. On June 22, 2006, complainant filed its Opposition. The Administrative Judge issued a decision without conducting a hearing on September 26, 2007, finding no discrimination.

<u>Issue</u>

The Administrative Judge identified the issue in the case as follows (Decision, p. 1):

Whether the Agency discriminated against Complainant on the basis of his national origin (Haitian), by not selecting him for promotion to the position of Supervisory Special Agent, GS-1811-14, Caribbean

-2-

Division, advertised under Vacancy Announcement (VA)
Number CMB-04-283-2 on December 15, 2004?

### Discussion

Complainant is a Criminal Investigator at the Drug
Enforcement Administration (DEA), Caribbean Division, Foreign
Operations, in San Juan, Puerto Rico (Ex. D1, p. 2).  Complainant
has been employed by DEA for 20 years (ibid.).  Complainant
submitted an application by cable for the position of Supervisory
Special Agent, GS-18114-14, Vacancy Announcement Number CMB-04-
283-2 on October 5, 2004 (Id. at 3; Ex. E5).  Complainant was
listed on the Best Qualified List (BQL), but was not selected
(Ex. E7).  Complainant said a Jamaican-American was selected for
the position (Ex. D1, p. 3).  Complainant alleged that he was
discriminated against on the basis of national origin when DEA
did not select him for the position (Id. at 2).

The Administrative Judge found that DEA "has clearly
satisfied its burden of articulating a rationale for not
selecting complainant for the Supervisory Special Agent position"
(Decision, p. 3).  Deputy Administrator Michele Leonhart
testified that the Career Board makes promotion and assignment
decisions for DEA.  Leonhart said the Career Board considers each
individual listed on the Best Qualified List, reviews the SAC
recommendations, and makes recommendations to the Deputy
Administrator, Chair of the Career Board.  The evidence
establishes that the Career Board considers the candidates'
"biographical data sheets containing the individuals' assignment
and performance history... written recommendations of the Special
Agent in Charge (SAC) or Office Head to whom the vacancy under
consideration will report" (Ex. D6, p. 2).  Special Agent in
Charge (Caribbean Division) Jerome Harris explained that
promotion decisions made by the Career Board are based on
performance, SAPP scores, and leadership capabilities (Ex. B1, p.
3).  Career Board Members selected Michael Dinall because he was
the best qualified candidate for the position.

The record indicates that Harris recommended two candidates
and Dinall was one of the candidates recommended.  Leonhart said
the Career Board considered Harris' recommendation significant
because the vacant position was in Harris' Division.  Assistant
Administrator William Simpkins explained that Dinall and
complainant served in Harris' Division, and Harris "would have
been very familiar with the applicants and their qualifications
for the position" (Ex. D7, p. 2).  Harris did not recommend
complainant and he said complainant was not recommended because
he "had an OPR [Office of Professional Responsibility] matter

-3-

pending which involved fighting on the job" (Ex. B1, p. 3).
Harris explained that the incident occurred in the presence of a
"host nation counterpoint, which brought embarrassment to DEA"
(ibid.). Harris said complainant needs "to develop leadership
through positive actions and behavior" (ibid.). Harris believed
that complainant's misconduct while on duty made a recommendation
for a perspective supervisory position inappropriate. Harris'
explanation for not recommending complainant was a legitimate,
non-discriminatory reason.

    Even though Harris did not recommend complainant, the
Career Board considered complainant's application because
complainant was listed on the Best Qualified List. The evidence
establishes that none of the Career Board voting members voted
for complainant's selection for the position.

    The evidence establishes that management articulated
legitimate, nondiscriminatory reasons for selecting Dinall. Each
Career Board member testified that Dinall was the best qualified
for the position, and was the number one recommendation of
Harris. SAC Sherri Strange explained that Dinall was "the most
qualified...based on his knowledge, skills, and ability" (Ex.
D11, p. 3). Harris' recommendation indicated that Dinall had
been in law enforcement for 12 years and had served as Backup
Country Attache for Kingston Country Office for 3 years. Harris
explained that Dinall had strong leadership skills and abilities,
and had redirected Kingston Country Office "investigative
priorities towards conducting Priority Target, long term, and
wire intercept investigations against major narcotics trafficking,
and money laundering organizations" (Ex. E8, p. 2). According to
Harris, the investigations resulted in the initiation of several
spin off investigations in domestic and foreign DEA offices.
Harris said Dinall had developed close working relationships with
other offices. Harris described Dinall as a role model for
agents and personnel, a lecturer, a well rounded agent and
potential supervisor. Leonhart said Dinall's experience as
Country Attache' for Kingston was outstanding because the
experience made Dinall familiar with drug law enforcement in the
Caribbean. DEA officials provided a nondiscriminatory
explanation for its selection decision.

    The Administrative Judge found that complainant failed to
establish that DEA's reasons were pretext for discrimination
(Decision, p. 4). The Administrative Judge asserts that
complainant's argument that his qualifications "surpassed" the
selectee is immaterial due to DEA's "reliance on this misconduct
in its articulated rationale" (Decision, pp. 4, 5). Complainant
claimed that Harris' consideration of complainant's misconduct

-4-

was pretext for discrimination. The evidence establishes that Harris was SAC when complainant was fighting while on duty. As to Harris' failure to recommend complainant, Harris said, "I would not support the selection of any special agent who engaged in this type of behavior, for which I had direct knowledge.... I don't consider fighting on the job appropriate behavior for any employee" (Ex. D3, p. 2). Harris' reason for not recommending complainant was legitimate, and there is no evidence of discriminatory animus.

Complainant also claimed the he was not selected because the Career Board considered the OPR matter in its selection decision even though the case was closed. The evidence establishes that DEA policy does not prevent an individual with a pending OPR matter from being selected for a supervisory position. Career Board members explained that the names of people selected for promotion are presented to OPR to determine if there are any pending matters or potential negative information. According to the Career Board members, if there are pending matters or negative information, the information is presented to the Deputy Administrator who considers the information and determines whether the selection should be finalized. According to Harris, "outstanding OPR matters can impact the promotion....This determination is on a case by case basis" (Ex. D3, p. 6). Chief of Operations Michael Braun explained that "prior or pending disciplinary action could disqualify a person for promotion, however, depending on the nature and severity of the matter" (Ex. D10, p. 3).

The evidence establishes that the Career Board did not disqualify complainant because of the OPR investigation. Career Board members testified that there was no discussion of any pending OPR matter concerning complainant during discussions of the vacancy (Ex. D7, p. 3; Ex. D8, p. 2; Ex. D11, p. 4). Acting Assistant Administrator Anthony Placido testified that he was not aware that complainant had an OPR matter until he read the interrogatory in the Record of Investigation. Leonhart explained that "because S/A Obas was not selected for the position, his name would not have gone through this vetting process [names of people selected for promotion are presented to OPR]" (Ex. D6, p. 3). Complainant has failed to show that actions taken by management resulting from the misconduct was pretextual.

Complainant alleged that he was "substantially more qualified because of his seniority, his time in grade, diversity of experience, language skills and overall level of accomplishment with the Agency" (Ex. D1, p. 2). In support of his claim, complainant claimed that he has 8 years of additional

-5-

relevant experience than selectee. Complainant explained that selectee had no supervisory experience while complainant had served as Supervisory/Country Attache' and had significant substantive experience in conducting large scale drug operations.

In selection cases, courts have recognized that management is free to select from similarly qualified candidates, but that an inference of discrimination is raised where a "clearly better qualified" candidate is rejected in favor of a candidate from outside his protected class. Odom v. Frank, 3 F.3d. 839, 845-46 (5th Cir. 1993). This "clearly better qualified" standard is met when "disparities in qualifications are of such weight and significance that no reasonable person, in the exercise of impartial judgement, could have chosen the candidate selected over the aggrieved employee for the job in question." Deines v. Texas Dept. Of Protective and Regulatory Services, 164 F.3d 277, 280-81 (5th Cir. 1993). Here, the record does not show that complainant was "clearly better qualified" than Dinall. The record shows that complainant's qualifications were similar to Dinall. Both complainant and Dinall had supervisory experience, were experienced in coordinating undercover drug operations, and had received outstanding evaluations in 2003. The evidence establishes that complainant served as Supervisory/Country Attache' in Haiti for 18 months, served as Acting GS-14 Foreign Operations Group in Puerto Rico, and served as an Assistant Special Agent in Charge in Puerto Rico (Ex. D1, Ex. D2, Ex. A Complainant's Response to Agency's Motion For Findings and Conclusions Without A Hearing). The record shows that Dinall obtained supervisory experience while serving as a Backup Country Attache' for the Kingston Country Office for 3 years (Ex. E8, p. 2). Although complainant had experience as Supervisory/Country Attache' and was listed on the Best Qualified List, there is no evidence that complainant was "clearly better qualified" than Dinall as to warrant a finding of pretext. Odom, 3 F.3d at 845. The evidence showed that complainant was not selected because management believed that he was not as qualified as Dinall for the position. The fact that complainant had supervisory experience, seniority, diversity of experience, and was not selected does not establish discriminatory animus.

The record establishes that the Career Board placed considerable weight on the SAC's recommendation in selecting the best candidate for filling the management level position. As noted, complainant's fighting while on duty weighed heavily on Harris' decision not to recommend complainant for the supervisory position. An employer has even greater discretion when selecting a management or supervisory personnel level employee. See Abood v. Agency for International Development, EEOC #01943562 (August

-6-

31, 1995); Greene v. Veteran Administration, EEOC #01900798 (March 9, 1990); Wrenn v. Gould, 808 F.2d 493, 502 (6th Cir. 1987). The evidence establishes that the Career Board selected the SAC's top recommendation for the position, and the Board's decision was unanimous that Dinall was the best qualified candidate. The record shows that Dinall was chosen based on the SAC's recommendation and complainant's application package. Management's decision to select the best qualified candidate rather that select complainant does not establish pretext. There is no evidence of discriminatory animus on behalf of Career Board towards complainant.

The record does not contain any evidence that DEA's reasons for not selecting complainant are pretext for national origin discrimination. There is no evidence in the record that would suggest that management had any discriminatory animus toward complainant. The record establishes that complainant was not selected because the Career Board did not recommend complainant to Leonhart. The record demonstrates that complainant failed to present any evidence to show that his national origin was a factor in the DEA's decision not to select him for the Supervisory Special Agent position. Management officials articulated legitimate nondiscriminatory reasons for their selection decision. There is no evidence that DEA's stated justifications were pretext for discrimination.

A through review of the record supports the Administrative Judge's findings. The record confirms that the Administrative Judge accurately set forth the relevant facts, relied on the appropriate legal standards, and correctly concluded that complainant failed to prove discrimination.

The Department of Justice adopts the findings in the Administrative Judge's decision and enters a final order acknowledging that the Administrative Judge's Decision will be fully implemented.

Mark L. Gross
Complaint Adjudication Officer


LeVern M. Younger
Attorney
Complaint Adjudication Office

# CIVIL COVER SHEET

JS 44 (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
LEDUC A. OBAS ~~MAGISTRATE JUDGE~~ *GARBER*   *Broward*

## DEFENDANTS
MICHAEL MUKASEY, as Attorney General, Dept. of Justice

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark J. Berkowitz, 1620 W. Oakland Park Blvd., Suite 300
Ft. Lauderdale, Florida 33311

**CIV-MOORE**

Attorneys (If Known)   **08-20234**

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

✓ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

1:08CV 20234 Moore-Garber

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

FILED by ___ D.C.
INTAKE
JAN 2 8 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## V. ORIGIN   (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO

JUDGE ___   DOCKET NUMBER ___

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq.

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   *Mark J. Berkowitz*

DATE   1/28/08

FOR OFFICE USE ONLY

AMOUNT  350   RECEIPT # 542133   IFP